United States District Court
Southern District of Texas

**ENTERED**

May 15, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **YIBELTAL AGAFARI ZELEKE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00651** |
| | § | |
| **ORLANDO PEREZ, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Yibeltal Agafari Zeleke's ("Petitioner" or "Mr. Zeleke") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging his post-removal order detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). Having considered the Parties' filings and the applicable law, the Court concludes that Petitioner's ongoing detention has become unreasonably prolonged in violation of his due process rights, and thus, immediate release is required.

For the reasons set forth below, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus, and Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. 7), is **DENIED**. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the issuance of this Order.

## Background

### A. Petitioner's Immigration History

1 / 9

Petitioner is a citizen of Ethiopia who entered the United States in January of 2025 and was detained upon entry. (Dkt. 1 at 2.) Thereafter, he filed an Application for Asylum, and Withholding of Removal under the Immigration and Nationality Act (INA) § 241(b)(3) and the Convention Against Torture (CAT). (*Id.*; Dkt. 7 at 2.) On August 22, 2025, an Immigration Judge (IJ) denied his application and ordered Mr. Zeleke removed to Ethiopia. (Dkt. 1 at 3; Dkt. 7 at 2.) Mr. Zeleke did not file an appeal, and his order of removal became final on September 22, 2025. (*Id.*) Since then, he has remained in DHS custody for over 200 days of post-final-order detention. (*Id.*)

On October 13, 2025, Petitioner completed a travel document application that was sent for approval on January 2, 2026. (Dkt. 7, Attach. 2 at 2.)[1] On January 29, 2026, the travel document request was mailed to the Ethiopia Embassy. (*Id.*) On March 6, 2026, an additional travel document request was emailed to the Ethiopia Embassy with supporting documentation. (*Id.*) On April 7, 2026, Enforcement and Removal Operations (ERO) conducted a status check and received correspondence that the travel document request was pending. (*Id.*) ERO checked to see if a travel document was received on April 27, 2026, and again on May 11, 2026, but no travel document had been uploaded. (Dkt. 11, Attach. 1 at 2–3.) On May 11, 2026, ERO requested a travel document update which remains pending. (*Id.*) As of the Parties' most recent filings, no transportation letter has been received. (*See id*; Dkt. 12 at 1–2.)

### B. Procedural Background

On April 13, 2026, Mr. Zeleke filed a Petition for Writ of Habeas Corpus, challenging his prolonged post-removal order detention. (Dkt. 1.) The Court ordered Respondents to show cause and submit a response to the habeas petition by April 20, 2026. (Dkt. 2.) The Government filed a

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

2 / 9

timely Response and Motion to Dismiss, or alternatively, Motion for Summary Judgment. (Dkt. 7.) Petitioner filed a reply to Respondents' Response on April 24, 2026. (Dkt. 8.) On May 6, 2026, the Court ordered Respondents to provide a status update on the progress of Mr. Zeleke's case, including whether any additional steps had been taken to effectuate his removal. (Dkt. 10.) On May 12, 2026, Respondents filed a timely advisory that ERO had not yet received a response to its requests for a transportation letter from the Ethiopia Embassy. (Dkt. 11.)

<u>**Legal Standard**</u>

### A.  28 U.S.C. § 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). 28 U.S.C. § 2241(c)(3) authorizes "any person to claim in federal court that he or she is being held 'in custody in violation of the Constitution or laws. . . of the United States.'" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Accordingly, § 2241 confers jurisdiction upon the federal courts to hear challenges to the lawfulness of immigration-related detention. *Id*. (citing 28 U.S.C. § 2241(c)(3)); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Baez v. Bureau of Immigr. & Customs Enf't*, 150 F. App'x 311, 312 (5th Cir. 2005) (unpublished); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished).

Habeas is "the basic method for obtaining review of continued *custody after* a deportation order had become final" and is available "as a forum for statutory and constitutional challenges to post-removal-period detention." *Zadvydas*, 533 U.S. at 687 (citation omitted). "Whether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to

3 / 9

secure removal is determinative of whether the detention is, or is not, pursuant to statutory authority. The basic federal habeas corpus statute grants the federal courts authority to answer that question." *Id*. at 699 (citing 28 U.S.C. § 2241(c)(3)).

Moreover, a Court is not required to hold a hearing when the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Trejo v. Warden of ERO El Paso E. Montana*, 2025 WL 2992187, at *2 (W.D. Tex. Oct. 24, 2025) (citation omitted).

### B.  Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject-matter jurisdiction rests on the petitioner. *See Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted). "[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

### C.  Federal Rule of Civil Procedure Rule 56(a)

Generally, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Rogers v. Bromac Title Servs., L.L.C.,* 755 F.3d 347, 350 (5th Cir. 2014). If the moving party meets its burden of demonstrating the absence of a genuine factual dispute, the non-movant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute is

'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party," and a "fact issue is 'material' if its resolution could affect the outcome of the action." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *Ramirez v. Martinez*, 716 F.3d 369, 374 (5th Cir. 2013)).

### Discussion

As an initial matter, the Court has jurisdiction to hear Petitioner's claim challenging the lawfulness of his post-removal order detention. *See Khan v. Bondi, et. al.*, 5:26-cv-00042, Dkt. No. 24 (S.D. Tex. Mar. 5, 2026) ("*Khan v. Bondi*") (analyzing the Court's jurisdiction to hear such claims). The Court considers Petitioner's claims that his ongoing detention violates his rights under the Due Process Clause of the Fifth Amendment. (*See* Dkt. 1 at 7–8.) Respondents argue that Petitioner's claims should be denied because Petitioner is unable to show that there is no significant likelihood of removal in the reasonably foreseeable future. (Dkt. 7 at 6–7.)

The Supreme Court held in *Zadvydas* that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* (citations omitted). In order to guide lower courts in reviewing the reasonableness of continued detention, the Supreme Court determined that there is a presumptively reasonable period of six months of detention from the time that a removal order becomes final. *Id.* at 701.[2] After six months have elapsed, once a noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the respondents do not offer sufficient rebuttal

---

[2] Courts, including this one, have understood the six-month presumption to be a period of 180 days which comports with DHS's post-removal custody review procedures. *See Sanchez v. Noem* (*Sagastizado II*), 2025 WL 3760317, at *8 (S.D. Tex. Nov. 14, 2025); 8 C.F.R. § 241.4(k)(2)(ii).

evidence once a habeas petitioner has made such a showing, then the court should grant the writ and order the habeas petitioner released under the *Zadvydas* framework. *See id.*; *but see Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (finding that petitioner had failed to meet his initial burden when he offered "nothing beyond [his] conclusory statements").

Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Khan v. Bondi, et. al.*, 5:26-cv-00042 (S.D. Tex. Mar. 5, 2026) in which the Court found that the petitioner (Khan), a native of Afghanistan with a final order of removal to Afghanistan, was detained for an unreasonably prolonged period of time in violation of his due process rights. In *Khan v. Bondi*, the Court found that Khan provided good reason to believe that there was no likelihood of removal in the reasonably foreseeable future, and the respondents did not in turn establish that the petitioner's removal was reasonably foreseeable. 5:26-cv-00042, Dkt. No. 24 at 11–17. Khan was detained for over one year in total and remained in custody for over 200 days after his removal order became final. *Id.* at 7. Where Khan submitted allegations that DHS failed to remove him for more than 180 days and he still remained detained with no future timeline for his removal, and where there had been no progress in obtaining the travel letter authorizing his removal to Afghanistan, the Court found that Khan had provided good reason to believe that there was not a significant likelihood of removal in the reasonably foreseeable future. *See id.* at 11–12.

Having found that petitioner had provided good reason to believe that his removal was not reasonably foreseeable, the Court further found that the respondents, in turn, failed to show that the petitioner's removal was reasonably foreseeable. The Court noted that "[w]hat constitutes the 'reasonably foreseeable future' will depend on the length of detention. That is, 'as the period of prior post removal confinement grows, what counts as the reasonably foreseeable future

6 / 9

conversely would have to shrink.'" *Id.* at 13 (quoting *Qasemi v. Kurzdorfer*, 2025 WL 2938607, *3 (W.D.N.Y. Oct. 16, 2025)). Recognizing that the respondents had provided no indication that Afghanistan intended to accept Khan for repatriation and that DHS had not identified any alternate countries willing to accept Petitioner, the Court found that the respondents failed to provide evidence that Khan's removal was reasonably foreseeable. *Khan*, 5:26-cv-00042, Dkt. No. 24 at 12–13.

The same reasoning the Court applied in *Khan v. Bondi* applies to the present case. Mr. Zeleke has shown that there is good reason to believe that his removal is not reasonably foreseeable. He has demonstrated that he has been in continuous detention for sixteen months in total, almost eight months of which are post-final order of removal. (*See* Dkt. 12 at 3.) He further demonstrates that DHS has failed to make progress to remove him throughout that period. Nearly three months passed after Mr. Zeleke completed his travel document application before the Government sent the request for approval and then to the Ethiopia Embassy. (Dkt. 8 at 3.) Further, Mr. Zeleke has shown that close to four months have passed since the Government requested the travel letter authorizing his removal to Ethiopia, and the Government has not received any indication that the Ethiopia Embassy intends to issue the travel document. (*See* Dkt 11, Attach. 1 at 2–3; Dkt. 12 at 1–2.) As Petitioner argues, "Respondents have provided no correspondence from the Ethiopian government, no confirmation that travel documents will issue, and no documentary evidence demonstrating progress beyond a 'pending' request." (Dkt. 8 at 3.) Thus, Mr. Zeleke has shown there is good reason to believe his removal is not reasonably foreseeable. *See Khan*, 5:26-cv-00042, Dkt. No. 24 at 11–13.

This lack of meaningful progress towards removal while Mr. Zeleke has remained detained indicates that his removal is not reasonably foreseeable. *See Misirbekov v. Venegas*, 2025 WL

3033732, at *1, *2 (S.D. Tex. Oct. 29, 2025) (finding that a "lack of progress in removing Petitioner makes removal unlikely in the foreseeable future" for a petitioner detained over nine months post-removal). "[A] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted). Petitioner has shown that Respondents have failed to make meaningful progress towards his repatriation throughout the nearly eight months of his post-final order of removal detention, and he has shown there is good reason to believe his removal is not reasonably foreseeable. Respondents, in turn, have failed to provide evidence indicating that Petitioner's removal will be effectuated in the reasonably foreseeable future. Respondents' claim that Petitioner will be removed within two weeks of receipt of the travel documents is speculative as the Government has not provided any evidence that they will receive the documents authorizing Petitioner's removal to Ethiopia or any evidence of the timeline for issuance. *See Edin v. Blanche, et al.*, 2026 WL 1256141, at *4–5 (W.D. Wash. May 7, 2026) ("The Court is not persuaded that Respondents' reasoning demonstrates reasonable likelihood of removal or otherwise rebuts Petitioner's showing. . . . it remains unclear whether Ethiopia has agreed to issue a passport or travel documents, when they would issue, and how long the Government would need to effectuate removal once those documents arrived."). Thus, Mr. Zeleke's continued detention violates his due process rights because there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 699, 701.

## CONCLUSION

For the forgoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus, and Motion to Dismiss and, Alternatively, Motion for Summary Judgment, (Dkt. 7), is **DENIED**.

8 / 9

Respondents are **ORDERED** to immediately release Petitioner from custody under reasonable conditions of release. Respondents are **ORDERED** to notify the Court of the status of Petitioner's release **within 24 hours** of the issuance of this order.

Respondents are also **ORDERED** to notify Petitioner's counsel of the exact location and exact time of his release as soon as practicable and **no less than three hours before release**.

The Court further **ORDERS** that Petitioner cannot be re-detained without a material change in circumstances.

IT IS SO ORDERED.

SIGNED this May 15, 2026.

_____
Diana Saldaña
United States District Judge